JOHN WACKER, Respondent, v. LENHARDT MERTZ, Appellant.

(171 N. W. 830.)

**Damages — malicious destruction of property — treble damages — actual damages.**

1. In a civil action for the malicious destruction of property under § 10,050, Comp. Laws 1913, it is proper for the jury, under proper instructions, to award treble damages in a general verdict, or the trial court may require the jury

to return a verdict upon the actual damages and a special finding upon the question of malice, and thereupon award the treble damages under the statute.

**Damages — malicious destruction of property — verdict.**

2. In such action for the malicious destruction of a threshing separator, it is held that a general verdict so rendered for treble damages is proper.

Opinion filed March 1, 1919.

Appeal from judgment for plaintiff, District Court, Sheridan County, *Nuessle, J.*

Affirmed.

*M. J. Englert* and *O. P. Jordal,* for appellant.

In order to recover under § 10,050, Comp. Laws 1913, it is necessary that the plaintiff show that he is the owner of the property, and such owner at the time of its destruction. Comp. Laws 1913, § 10,050; Scott v. Trebilcock, 21 S. D. 333, 112 N. W. 847; Bracher v. Shelby Iron Co. 144 Ala. 659, 40 So. 80; Koons v. Swartz, 47 Pa. Super. Ct. 217.

The measure of damages done to property is the market value at the time and place of the injury. In the case at bar there was no evidence of the market value. Slattery v. Rhud, 23 N. D. 274; Arn v. Matthews, 39 Kan. 272, 18 Pac. 65.

Malice is an essential ingredient of the offense of malicious mischief, and in the absence of evidence disclosing such malice the cause cannot be maintained. State v. Miner, 17 N. D. 454, 19 L.R.A.(N.S.) 273, 117 N. W. 528.

The jury should be instructed to find actual damages. The penalty of treble damages is a statutory punishment applied by the court to the facts as found by the jury. Marchandy v. Haber, 37 N. Y. Supp. 952; Yeamans v. Nichols, 81 N. Y. Supp. 500; King v. Havens, 25 Wend. 420; Black v. Mace, 66 Me. 49; Withington v. Hildebrand, 1 Mo. 280; Loewenberg v. Rosenthal (Or.) 22 Pac. 601; Gonin v. Robledo, 6 Porto Rico Fed. Rep. 451; Scott v. Trebilcock (S. D.) 112 N. W. 847.

*Peter Winter* and *J. A. Hyland,* for respondent.

It seems to be generally held that either the jury or the court may double or treble the damages in this class of cases (for malicious destruction of property). Jensen v. R. Co. 127 N. W. 650; Hughes v.

Stevens, 36 Pac. 320; Wymond v. Amsbery, 2 Colo. 213; Livingston v. Platner, 1 Cowen 175.

It is immaterial whether the jury return in their verdict the sum recoverable under the statute, or whether they return the actual damages, and the court directs the judgment to be entered in accordance with the statute. Richards v. Sanderson, 39 Colo. 270, 89 Pac. 768; R. Co. v. Carley, 39 Ark. 246; Quinby v. Carter, 20 Me. 218.

Where treble damages are recoverable they ought to be assessed by the jury. R. Co. v. Watkins, 43 Kan. 50; Allen v. Bainbridge, 145 Mich. 366, 108 N. W. 732.

BRONSON, J. This is an action to recover treble damages under § 10,050, Comp. Laws 1913, for maliciously setting fire to the separator of the plaintiff. In the district court of Sheridan county a verdict for $4,200 was returned for the plaintiff. From the judgment rendered thereupon the defendant appeals.

On September 4, 1915, the separator of the plaintiff, while standing in a grain field, was destroyed by fire. Shortly prior to that time, the plaintiff had purchased such machine and had used it for about eight days in threshing operations. There is evidence in the record that one John Weltz, who was in the employ of this defendant, deliberately, in company with some other men, set fire to this machine, during the evening of the said day, and that he was induced to do so by the defendant.

The complaint alleges a conspiracy, and there is evidence in the record tending to show, by direct evidence and corroborative testimony, that this employee and the defendant did conspire to burn this machine.

The appellant, under his specifications of error, contends that the evidence is insufficient to connect the defendant with the conspiracy alleged or proved, or to establish the ownership of the machine destroyed or its value, or any malice on the part of the defendant, and that the trial court erred in permitting the jury, in its general verdict rendered, to treble the damages.

We are satisfied from an investigation of the record that there is sufficient evidence to warrant and justify the finding of the jury with reference to the ownership of the property, its value, and the conspiracy of the defendant, and his malice in connection with the destruction of

the property. State v. Minor, 19 L.R.A.(N.S.) 273, and note (17 N. D. 454, 117 N. W. 528).

The only serious question in the record is the contention of the appellant with respect to the award of treble damages made by the jury under the instructions of the court.

In the absence of statute, the defendant, if liable, is liable for the actual damages sustained. Under the statute, § 10,050, Comp. Laws 1913, the defendant, if liable and the act was done maliciously, is liable for treble the amount of such actual damages. The question of the nature of the act, whether malicious or otherwise, was for the jury.

This question of malice being for the jury, it was either necessary for the jury to make a special finding concerning malice, in order for the court to treble the damages, or, in the absence of such special finding, to assess such treble damages upon proper instructions therefor. Under proper instructions, we see no reason why the jury may not use the multiplication table as well as the court.

Under § 10,050, Comp. Laws 1913, the trial court may, under proper instructions, submit to the jury the question of the actual damages sustained, and, if found, the question of malice, and upon determination award in a general verdict rendered treble damages, or it may require the jury to return a verdict upon the actual damages and a special finding upon the question of malice, and thereupon award the treble damages under the statute. Richards v. Sanderson, 39 Colo. 270, 121 Am. St. Rep. 167, 89 Pac. 769; Jensen v. South Dakota C. R. Co. 25 S. D. 506, 35 L.R.A.(N.S.) 1015, 127 N. W. 650, Ann. Cas. 1912C, 700; 13 Cyc. 254; Tait v. Thomas, 22 Minn. 537; Memphis & L. R. R. Co. v. Carlley, 39 Ark. 246; Quinby v. Carter, 20 Me. 218; Chicago, K. & W. R. Co. v. Watkins, 43 Kan. 50, 22 Pac. 985.

The appellant contends that the damages shown are $1,617.60; that three times this amount is $4,842.80. The jury's verdict was $4,200. Therefore, they speculated and were misled. Certainly, if there was any such speculation or being misled, it was in appellant's favor, and he has no reason to complain.

It therefore follows that the judgment should be affirmed, with costs to the respondent. It is so ordered.