NORTH DAKOTA FAIR HOUSING COUNCIL, INC., et al., Plaintiffs,

v.

Earl ALLEN, et al., Defendants.

No. A1–03–119.

United States District Court, D. North Dakota, Southwestern Division.

Jan. 23, 2004.

Christopher Brancart, Brancart & Brancart, Pescadero, CA, for plaintiffs/counter-defendant.

Moody M. Farhart, Farhart, Lian, Maxson, Louser & Zent, P.C., Minot, ND, for defendant/counter-claimant.

## ORDER GRANTING BIFURCATION OF PUNITIVE DAMAGE CLAIM AND DENYING DEFENDANTS' MOTION TO STAY DISCOVERY

HOVLAND, Chief Judge.

Before the Court is the Defendants' Motion to Bifurcate the Issues of Liability and Punitive Damages and to Limit Discovery filed on January 8, 2004 (Docket No. 17). On January 22, 2004, a responsive pleading was served by the plaintiff. *See* Plaintiffs' Opposition to Defendants' Motion to Bifurcate the Issues of Liability and Punitive Damages and to Limit Discovery (Docket No. 19). This matter is scheduled for trial to commence on December 6, 2004.

## I. *BACKGROUND OF THE CASE*

This action was commenced on September 25, 2003, by the plaintiffs, the North Dakota Fair Housing Council, Inc., and Josephine Tonley, against the defendants, Earl Allen individually, and D/B/A Allen Realty Co., Inc., and AA & A Realty. The plaintiffs allege that the defendants were engaged in discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 et seq.

The defendants have filed this motion seeking an order for separate trials on the issues of liability and punitive damages. The defendants also seek an order prohibiting any discovery as to the punitive damage claim and limiting discovery at this stage to issues of liability until liability has been first addressed at trial.

## II. *LEGAL DISCUSSION*

The Court's authority to bifurcate issues and grant separate trials is found in Rule 42(b) of the Federal Rules of Civil Procedure. The rule provides as follows:

> SEPARATE TRIALS. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

 It is well-established that Rule 42(b) of the Federal Rules of Civil Procedure empowers the district court, in exercising its discretion, to order separate trials in a number of instances. The court should consider the interests of judicial economy and of avoiding confusion. *Koch Fuels v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir.1983). The decision of whether to bifurcate the punitive damage phase of a trial is within the sound discretion of the trial court. *Thorne v. Welk Inv., Inc.*, 197 F.3d 1205, 1213–1214 (8th Cir.1999).

 It is clear that the plaintiffs' do not oppose bifurcation of the punitive damage phase of the trial. *See* Plaintiffs' Opposition to Defendants' Motion to Bifurcate the Issues of Liability and Punitive Damages and to Limit Discovery, pp. 4–5. The Court agrees with the concept that evidence of the defendants' financial condition and net worth should not be presented to the jury during the first phase of the trial on liability and compensatory damages. Evidence of the defendants' net worth, although relevant to issues concerning the claim for punitive damages, can have an adverse effect on jury deliberations concerning liability and compensatory damages. Therefore, the request for bifurcation of the punitive damage claim is **GRANTED.**

Nevertheless, this does not mean that there will be a separate trial with a separate jury to address the punitive damage aspect of the case. Instead, the Court contemplates that in the event the jury finds in favor of the plaintiffs on liability and awards economic or non-economic damages during the first phase of the trial, then the case will move into the second phase of the trial to address the punitive damage claim utilizing the same jury panel.

 The defendants are also requesting a limitation or stay of discovery as it relates to the defendants' financial condition and net worth. A plaintiff seeking punitive damages is entitled to engage in discovery relating to the defendant's financial worth in advance of trial. The discovery of financial records of a defendant in order to prepare a case on the issue of punitive damages is permissible. *See Bessier v. Precise Tool & Engineering Co., Inc.*, 778 F.Supp. 1509, 1514 (W.D.Mo. 1991). A jury may award punitive damages when it determines, by a preponderance of the evidence, that "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Badami v. Flood*, 214 F.3d 994, 997 (8th Cir.2000). It is well-established that under federal law, evidence of the defendants' financial worth is relevant to a claim for punitive damages. Such evidence is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded. *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 932 (8th Cir.1999).

 To wait until the trial on liability and damages is completed and then con-

duct discovery as to the defendants' financial worth is impractical and inefficient. To deny discovery as to the defendants' financial worth until the liability phase of the trial is completed would result in unnecessary delay and expense and would also require a second separate trial with a new jury panel. Although the trial is not scheduled to commence until December 2004, the Court contemplates that the second phase of the trial, if needed, would address the punitive damage claim and would proceed immediately after the completion of the first phase of the trial utilizing the same jury panel.

The Court finds that the plaintiffs are entitled to conduct pretrial discovery into all matters which are discoverable, including the defendants' financial worth. The Court denies the request to limit or stay discovery concerning the defendants' financial worth until after the liability phase of the trial has been completed. Any concerns relative to the disclosure of financial information obtained during discovery can be adequately safeguarded by the issuance of a protective order and the plaintiffs have clearly indicated they are willing to so stipulate.[1] Counsel are ordered not to disclose any information concerning the defendants' financial worth to anyone other than the plaintiffs and those on plaintiffs' counsel's staff who are necessary to prepare the case for trial.

## III. CONCLUSION

The Defendants' Motion to Bifurcate the Issues of Liability and Punitive Damages is **GRANTED**. The motion to limit or stay discovery concerning the Defendants' net worth is **DENIED**.

---

1. The Court has not been presented with any objections to the plaintiffs' interrogatories or other discovery requests concerning the defendants' financial worth.