**UNITED STATES of America,
Plaintiff,**

v.

**QUALITY BUILT CONSTRUCTION,
et al., Defendants.**

**No. 4:00–CV–194–BO.**

United States District Court,
E.D. North Carolina.
Western Division.

Jan. 5, 2005.

R.A. Renfer, Jr., Asst. U.S. Attorney, Office of U.S. Attorney, Raleigh, Scott Moore, Deborah A. Gitin, U.S. Department of Justice, Civil Rights Division, Elise S. Shore, U.S. Department of Justice, Rachel B. Levinson, U.S. Department of Justice, Kevin Kijewski, U.S. Dept. of Justice, Washington, DC, for United States of America, plaintiff.

Christopher A. Page, Young, Moore & Henderson, Raleigh, for William E. Dansey, Quality Built Construction, Inc. fka Dawn Construction, Inc., defendants.

## ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on Plaintiff's Motion in Limine; Defendants' Amended Motion to Quash; Plaintiff's Motion to Enforce Subpoenas; and Plaintiff's Motion for the Court to rule on Plaintiff's Motion to Compel. For the reasons discussed below, Plaintiff's Motion in Limine is GRANTED; Defendant's Amended Motion to Quash is DENIED; Plaintiff's Motion to Enforce Subpoenas is GRANTED; and Plaintiff's Motion to Compel is GRANTED.

## BACKGROUND

Plaintiff, the United States of America, filed this action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–3619 (collectively referred to as the "Fair Housing Act" or "FHA"). The properties at issue in this case are the Breezewood Condominiums ("Breezewood") and the Hyde Park Apartments ("Hyde Park") (collectively referred to as "the subject properties"). The United States alleges, and the Court has already found, that the subject properties were not designed and constructed so as to be accessible to persons with disabilities as required by the FHA. The issue of remedies remains. Both parties' pending motions are ripe for ruling.

## ANALYSIS

### I. Plaintiff's Motion in Limine

Plaintiff has moved to exclude any evidence from trial pertaining to the "housing needs of the relevant community of persons with disabilities"; evidence regarding the consent decree reached in the unrelated case of *United States v. Eldridge & Southerland Builders, Inc.*, Civ. No. 4:02–CV–14 (E.D.N.C.2001); and evidence regarding "industry-wide" lack of "notice" regarding the Fair Housing Act's accessibility requirements. Plaintiff bases its motion on Federal Rules of Evidence 402 and 408, respectively. Defendants have not responded to this motion.

Defendants propose to offer testimony depicting the housing needs of the community. However, in the accessibility provisions of the Act, 42 U.S.C. § 3604(f)(3)(C), Congress required that all ground floor units in non-elevator buildings comprised of four or more units and designed and constructed for first occupancy after March 13, 1991 must be made accessible under the Act. Defendants' two complexes fall within the reach of this provision. There are no exclusions to this coverage based on any perceived need, or lack thereof, for the required accessibility features in a particular community or development. Under the Act, all ground floor units must be accessible. Accordingly, Defendants' proposed evidence is irrelevant. Further, this Court has already ruled the ground-floor apartments in issue to be in violation of the Act. The law of the case doctrine precludes Defendants' efforts. For the foregoing reasons, Plaintiff's Motion in Limine is GRANTED as to any evidence pertaining to the "housing needs of the relevant community of persons with disabilities."

Defendants further propose to offer evidence regarding the consent decree reached in an unrelated case. Evidence of the terms of settlement between Plaintiff and a similarly-situated defendant is irrelevant to setting the appropriate relief in this case. Settlement terms are normally compromised positions taken by each party and in no way forecast the appropriate remedy for a case that has advanced to litigation. The only similarities between this case and the one offered by Defendants is the connection to Greenville, North Carolina. The conduct of Plaintiff in another case is irrelevant to this case, and, therefore, evidence of that conduct is inadmissible under Fed.R.Evid. 402. Further, under Fed.R.Evid. 408, evidence of offers of settlement is inadmissible, even those settlements between a party and a non-party. Fed.R.Evid. 408. For the foregoing reasons, evidence of the settlement reached in *Aldridge* will be excluded from trial. Plaintiff's Motion in Limine is GRANTED accordingly.

Finally, Defendants propose to offer evidence related to the issue of notice of the Act's accessibility requirements. In its January 7, 2003 Order, this Court affirmed the Magistrate Judge's ruling that Defendants were charged with constructive notice of the Act's requirements. Defendants cannot ignore this ruling because the law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). Accordingly, Plaintiff's Motion in Limine is GRANTED as to any evidence related to the issue of notice of the Act's accessibility requirements.

### II. Defendants' Motion to Quash

Defendants seek to quash three subpoenas duces tecum for information from financial institutions concerning the financial condition of Defendants. Defen-

dants have repeatedly claimed that the proposed retrofits in this case would be too costly. Plaintiff responded by demanding information that would clarify whether the proposals are in fact too costly. Defendants filed the instant motion.

The information sought is relevant to the defense offered by Defendants. Further, Defendants have not made a sufficient showing that complying with the subpoenas would be unreasonable and oppressive. *See Linder v. Dep't of Defense,* 133 F.3d 17, 24 (D.C.Cir.1998). Finally, the information sought is not overly broad so as to undermine the efficiency of the proceeding. Defendants' Motion to Quash is DENIED.

### III. Plaintiff's Motion to Enforce the Subpoenas

For the reasons discussed above, the Court hereby authorizes the enforcement of the subpoenas duces tecum as to "[a]ll documents constituting, referring or relating to any loan or service by [banking institution] relating to: (1) the multifamily apartment complex known as Hyde...and/or (2) the condominium complex known as Breezewood..." *See* Pl. Opp. to Def. Am. Mot. to Quash Subpoenas at 6 n. 3. Plaintiff's Motion to Enforce the Subpoenas is GRANTED.

### IV. Plaintiff's Motion to Compel

Plaintiff's Motion for the Court to Rule on Plaintiff's Motion to Compel is GRANTED. The Court will address Plaintiff's Motion to Compel.

Plaintiff did not withdraw its Motion to Compel during the July 26, 2002 hearing, as Defendants have argued. Further, since this Court's July 26 reservation of the issue of Plaintiff's Motion to Compel, the Court has found for Plaintiff on the issue of liability. Further, the award of punitive damages is being sought. It would be inefficient not to allow Plaintiff

access to information illustrating Defendants' financial condition. *See North Dakota Fair Housing Council, Inc. v. Allen,* 298 F.Supp.2d 897, 899–900 (D.N.D.2004). Accordingly, Plaintiff's Motion to Compel is GRANTED. Defendants are ORDERED to comply with Plaintiff's requests as outlined below.

This order includes "all net worth statements prepared by or for Defendant at any time since January 1, 1997, including, but not limited to, any loan or credit application prepared at any time since January 1, 1997;" "all year-end statements since January 1, 1997, that reflect the account number and balance of any financial accounts held by Defendant, including savings, checking or annuities accounts, or mutual, stock or bond funds;" and "all year-end statements since January 1, 1997, that reflect the account number and balance of any loans or indebtedness owed by Defendant, including, but not limited to, mortgages, vehicle loans or tax liens."

### CONCLUSION

For the reasons discussed above, Plaintiff's Motion in Limine is GRANTED; Defendants' Motion to Quash is DENIED; Plaintiff's Motion to Enforce the Subpoenas is GRANTED; and Plaintiff's Motion to Compel is GRANTED.

SO ORDERED.