2017 ND 194

**Brian LINSTROM and Leisa Bennett, Plaintiffs and Appellees**

v.

**Mike NORMILE, Defendant and Appellant**

No. 20160394

Supreme Court of North Dakota.

Filed 7/31/2017

William R. Hartl, Rugby, ND, for plaintiffs and appellees.

Brandon D. Rowenhorst, Minot, ND, for defendant and appellant.

Kapsner, Justice.

[¶ 1] Mike Normile appeals from a judgment entered after a jury found him liable for breach of contract and awarded damages to Brian Linstrom and Leisa Bennett. Because we conclude each issue raised was either waived or was not error, we affirm the judgment.

I

[¶ 2] Brian Linstrom and Leisa Bennett (jointly referred to as the "Linstroms") hired Mike Normile to complete a remodeling of their home for a price of $107,000.00. The Linstroms paid Normile the contract price plus an additional $30,000.00 for certain changes made during the remodel. Normile believed the Linstroms owed more money for the work that was completed. After failing to receive additional payment, Normile put a mechanic's lien on the home. The Linstroms commenced a breach of contract action against Normile after they were unsatisfied with the work completed on their home. The Linstroms' complaint also requested the lien on their home be discharged.

[¶ 3] The district court ruled on several motions in limine. Normile's fourth pretrial

motion in limine requested the district court prohibit the jury from touring the residence and property at issue. Normile argued it would be unfairly prejudicial to permit the jury to tour the property, in part because alleged remodeling defects had been marked throughout the residence with sticky-notes. According to the record, the district court granted both Normile's motion in limine to prohibit the jury viewing of the residence and the Linstroms' motion to have the jury view the residence, signing both orders on the same day within minutes of each other. At trial, the district court permitted the jury to walk through the residence with the judge and bailiffs while the parties and counsel remained outside.

[¶ 4] During trial, the district court refused to permit Normile's witness, Gary Kramlich, to testify as either a fact or expert witness. The district court also refused to admit certified copies of collection judgments against Brian Linstrom. After Normile attempted to make an offer of proof in support of admitting the judgments into evidence, the district court determined the judgments were prejudicial and were not relevant to the case.

[¶ 5] The jury returned a verdict in favor of the Linstroms and awarded damages in the amount of $119,925.00. Judgment was entered on October 26, 2016. Normile filed a notice of appeal on December 2, 2016.

## II

[¶ 6] On appeal, Normile argues: (1) the district court erred when it permitted jurors to walk through the subject property; (2) the district court erred when it did not allow Gary Kramlich's testimony or exhibits to be presented to the jury; (3) the district court erred when it excluded certified copies of collection judgments against Brian Linstrom at trial; and (4) the venue

for the jury trial was unfair because of impermissible prejudice.

## III

[¶ 7] A district court "has broad discretion on evidentiary matters, and we will not overturn its admission or exclusion of evidence on appeal unless that discretion has been abused." *Davis v. Killu*, 2006 ND 32, ¶ 6, 710 N.W.2d 118. A district court abuses its discretion when it "acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process." *Id.* Rule 61, N.D.R.Civ.P., provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

As a result, this Court will only disturb a verdict or order a new trial if the district court's error affects a party's substantial rights.

## IV

[¶ 8] Normile argues the district court should not have permitted the jury to walk through the home. The Linstroms assert Normile waived any issue arising from the jury's walk-through because, although Normile made a motion in limine regarding the walk-through, Normile failed to clearly object to the walk-through at trial. Section 28-14-15, N.D.C.C., provides:

> When in the opinion of the court it is proper for the jurors to have a view of the property which is the subject of litigation, or of the place in which any material fact occurred, it may order

them to be conducted in a body under the charge of an officer to the place, which must be shown to them by some person appointed by the court for that purpose. While the jurors are thus absent, no person, other than the person so appointed, may speak to them on any subject connected with the trial.

"Under N.D.C.C. § 28-14-15, the district court has discretion in allowing jurors to view the premises." *Jalbert v. Eagle Rigid Spans, Inc.*, 2017 ND 50, ¶ 14, 891 N.W.2d 135. On September 28, 2016, Normile filed a motion in limine requesting the district court prohibit the jury from touring the residence during trial. The Linstroms filed a motion entitled "Motion to Have Jury View Residence" on September 29, 2016. According to the record, the district court signed two contradictory orders granting both motions.

[¶ 9] At the end of the first day of trial, the parties and the district court discussed the jury walk-through. The district court mentioned there was some dispute with regard to labeling alleged defects in the home and Normile's counsel stated:

Okay. Based upon what Mr. McIntee's own individuals have said in their interrogatories and depositions, they said all these defects could be seen at plain view. So if the Court is going to have a walk-through, I say Mr. McIntee and I stay outside—because I can't get in the house—the parties stay outside, and no labels. You just walk through the house and you see what you see. Because—and that would be—consistent upon what Mr. McIntee's clients have maintained this entire time. I think the labeling will be highly prejudicial.

Normile's counsel objected to opposing counsel providing a compiled list of the defects to the jurors. The following day, the district court determined no lists of defects should be given to jurors, and only labels in the form of sticky-notes would be permitted in the house. The parties and the district court discussed the possibility of jurors asking questions during the walk-through and how it would be handled. During this discussion, Normile's counsel stated: "Your Honor, I would think just to [be] safer—since it seems like the Court is going to go through with the walk through, I think the safer thing is just to agree that . . . all parties and attorneys are out."

[¶ 10] "We have long held that an effective appeal of any issue must be appropriately raised in the trial court in order for us to intelligently rule on it." *State v. Steen*, 2015 ND 66, ¶ 5, 860 N.W.2d 470 (citation omitted). "In general, a party must object at the time the alleged irregularity occurs; failure to object acts as a waiver of the claim of error." *Andrews v. O'Hearn*, 387 N.W.2d 716, 730 (N.D. 1986) (citations omitted). The party must object at the time the error occurs during trial so "the trial court may take appropriate action if possible to remedy any prejudice that may have resulted." *Piatz v. Austin Mutual Ins. Co.*, 2002 ND 115, ¶ 7, 646 N.W.2d 681. "A motion in limine seeking an evidentiary ruling must be decided without the benefit of evaluating the evidence in the context of trial." *Steen*, at ¶ 5 (citation omitted). "A renewed objection at the time the evidence is offered focuses the court on the objection in the trial context at which time both the relevance and the potential for prejudice will be more discernable." *Id.* (citation omitted).

[¶ 11] Considering the existence of contradictory orders both granting and denying the jury walk-through, it was imperative for Normile to clearly object to the walk-through at trial for two reasons. First, absent an objection to the walk-through, there is no analysis in the record for this Court to review. Second, Normile cannot rely on his motion in limine, be-

cause the district court never gave a rationale for its decision to grant the motion nor did it give a rationale for its decision to grant the Linstroms' contradictory motion. Rather than object to the jury walkthrough at trial, Normile raised concerns about the labeling of defects in the home. Normile had the opportunity to object to the jury walk-through, in total, but instead acquiesced to its occurrence and stated, "since it seems like the Court is going to go through with the walk through, I think the safer thing is just to agree that . . . all parties and attorneys are out." We conclude Normile's failure to clearly object to the jury walk-through at trial precludes this Court from reaching the merits of the issue raised.

### V

[¶ 12] Normile asserts the district court erred when it refused to permit Gary Kramlich's testimony and exhibits. The Linstroms argue Gary Kramlich's testimony was properly excluded because it was irrelevant. A district court has discretion over evidentiary matters, including a decision to exclude the testimony of a witness. *Killu*, 2006 ND 32, ¶ 6, 710 N.W.2d 118. We review this decision for abuse of discretion. A district court abuses its discretion when it acts "arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process." *Id.*

[¶ 13] At trial, the Linstroms argued Kramlich's testimony was irrelevant. They argued "Mr. Kramlich has never been in this house, Your Honor. He's never seen it." According to the transcript, Normile sought to have Kramlich testify as a factual witness regarding his findings made through a public information search. Normile argued Kramlich's testimony was relevant to the defense's theory that the Linstroms "wanted to flip the house and they

wanted to get rid of the lien so they could flip the house." Normile also tried to offer Kramlich as an expert witness, and asked the court to "make the determination upon whether you wanted to grant him factual or an expert." The district court ruled, "he will not testify on the issue of land values or construction or house values."

[¶ 14] The district court responded to the Linstroms' relevance objection in making its ruling. Under N.D.R.Ev. 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." The Linstroms argue on appeal the district court properly excluded the testimony because Kramlich's testimony was not relevant to any facts necessary to the breach of contract action. Normile asserts Kramlich would have provided testimony that would aid the jury in understanding how Normile earned the $137,000.00 that was paid to him by the homeowners.

[¶ 15] We cannot say the decision to exclude Kramlich's testimony was an abuse of discretion. Normile elicited expert testimony during trial regarding the work done on the home from a construction expert who toured and inspected the home. This testimony covered the work done on the house in detail. We conclude the district court did not abuse its discretion when it excluded Kramlich's testimony and exhibits.

### VI

[¶ 16] Normile argues the district court abused its discretion when it refused to admit certified copies of collection judgments against Brian Linstrom. The Linstroms argue the district court properly refused to admit the judgments under N.D.R.Ev. 404(a)(1) and 404(b)(1). The district court's decision on whether to

admit these exhibits is reviewed under an abuse of discretion standard. *Killu*, 2006 ND 32, ¶ 6, 710 N.W.2d 118. Under N.D.R.Ev. 404(b)(1), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Under Rule 403, N.D.R.Ev., the district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of" unfair prejudice, confusing the issues, misleading the jury, undue delay, or waste of time.

[¶ 17] The district court, in refusing to permit the admission of collection judgments into evidence stated, "I find it unduly prejudicial; and so, unless it somehow ties to this construction project or something to do with the defendant and the plaintiff, it won't come in." Normile attempted to make an offer of proof in support of admitting the judgments. The court then stated, "So, again, I don't find them relevant. It'd be unduly prejudicial. They will not come in." "Under N.D.R.Evid. 404(b), the proponent of evidence of other crimes, wrongs, or acts must also demonstrate the relevance and probative value of the evidence, and its probative value must be balanced against its prejudicial effect under N.D.R.Evid. 403." *Crowston v. Goodyear Tire & Rubber Co.*, 521 N.W.2d 401, 411 (N.D. 1994). The district court balanced the prejudicial effect of the judgments against the limited probative value and decided to exclude the exhibits. The district court's decision to exclude the judgments was the product of a rational mental process reached after application of N.D.R.Ev. 403, and therefore was not an abuse of discretion. *Killu*, 2006 ND 32, ¶ 6, 710 N.W.2d 118.

## VII

[¶ 18] Normile argues the trial was improperly venued in Towner, North Dakota because of prejudice resulting from a small jury pool. The Linstroms argue Normile waived any venue argument because he failed to raise improper venue in his answer to the complaint. Normile asserts that the district court should have changed the venue of the trial under N.D.C.C. § 28-04-07.

[¶ 19] The district court has the authority to change venue for a number of reasons as specified in N.D.R.Civ.P. 39.1(b). Rule 39.1, N.D.R.Civ.P., incorporates and supercedes statutory provisions governing change of venue, including N.D.C.C. § 28-04-07. N.D.R.Civ.P. 39.1, Explanatory Note. Rule 39.1(b)(1)(B), N.D.R.Civ.P., provides a district court may change the venue of an action if "there is reason to believe an impartial trial cannot be obtained in the county of venue." A party seeking a change of venue under N.D.R.Civ.P. 39.1 can file a motion requesting the change. *See e.g. Porth v. Glasoe*, 522 N.W.2d 439, 442 (N.D. 1994) (review of a district court's denial of a party's motion to change venue under N.D.C.C. § 28-04-07(3), incorporated into N.D.R.Civ.P. 39.1). "A party moving for a change of venue has the burden of stating facts, not conclusions, to support the change." *Id.* at 441 (citations omitted). The record reflects Normile did not file a motion requesting a change of venue at the district court. "It is well-settled that issues not raised in the district court may not be raised for the first time on appeal[.]" *Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746. Normile did not raise the biased venue issue at the district court and has raised the issue for the first time on appeal. We therefore express no opinion and do not reach the merits of this issue.

## VIII

[¶ 20] We affirm the judgment.

[¶ 21] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.