Jensen, Justice.
 

 [¶ 1] Jeff Moen appeals from a judgment awarding Jason Haider damages for wrongful injury to timber. Moen argues the district court abused its discretion in excluding a jury instruction on treble damages and erred in admitting an expert's testimony. We affirm the district court's admission of expert testimony, reverse the district court's exclusion of a jury instruction
 
 *522
 
 on treble damages, and remand this case for a new trial.
 

 I
 

 [¶ 2] Haider owns seven acres of rural property near Foxholm, North Dakota, of which four acres are homestead and three acres are farmland. Trees border the homestead on north, west, and south sides. The Des Lacs River runs nearby, and Haider's homestead has an earthen dike on the south side for flood protection. Moen is a farmer who lives approximately two miles from Haider's property. Before Haider purchased the property in 2010, Moen farmed the three acres of farmland. Haider allowed Moen to continue farming the land and did not charge rent.
 

 [¶ 3] In September 2012, Haider left the property for over a week. During Haider's absence, Moen removed eighteen mature cottonwood trees from the homestead's southern border. Moen did not contact Haider before removing the trees. When Haider returned, he discovered the felled trees, tire tracks in his yard, and damage to the earthen dike. Haider observed Moen removing other trees on nearby property and confronted Moen. Moen admitted to removing the trees as part of a "farming operation." In July 2014, Haider sued Moen for wrongful injury to timber, civil trespass, and negligence in a complaint sent to Moen.
 

 [¶ 4] Haider took only his wrongful injury to timber claim to trial. At the pretrial conference, Moen sought to exclude testimony from Haider's tree expert, Paul Beck. Moen argued Beck was not qualified and his testimony would not assist the jury. Specifically, Moen argued Beck adjusted a tree valuation formula without expertise in economics. The district court denied Moen's motion in limine. During trial, Moen sought to instruct the jury on treble damages for wrongful injury to timber under N.D.C.C. § 32-03-30. The district court denied Moen's requested instruction and forbade Moen from discussing the treble damages provision in closing arguments.
 

 [¶ 5] At the close of trial, Moen argued the damages were $10,700.00. Haider argued his damages totaled $85,441.14. In a special verdict, the jury found Moen wrongfully injured Haider's trees, Haider's actual damages were $40,500.00, and Moen's destruction of Haider's trees was not committed under the reasonable belief the land belonged to Moen. The district court entered judgment on September 8, 2017 for three times the damages plus $4,597.79 in costs for a total of $126,097.79. Moen appeals.
 

 II
 

 [¶ 6] Moen argues the district court erred by excluding a jury instruction and preventing closing statements related to the treble damages provision in N.D.C.C. § 32-03-30. "The trial court has broad discretion over the nature and scope of written questions submitted to the jury, and appellate review is limited to determining whether there was an abuse of discretion."
 
 Victory Park Apartments, Inc. v. Axelson
 
 ,
 
 367 N.W.2d 155
 
 , 165 (N.D. 1985). "A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misapplies or misinterprets the law."
 
 Simpson v. Chicago Pneumatic Tool Co.
 
 ,
 
 2003 ND 31
 
 , ¶ 10,
 
 657 N.W.2d 261
 
 .
 

 Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury. When considering the correctness of jury instructions, we will view them as a whole. The instructions will be allowed if, as a whole, they fairly
 
 *523
 
 advise the jury of the law on the essential issues in the case. In evaluating whether the district court abused its discretion in instructing the jury, we will first determine whether the district court committed error in its instruction, and then, if so, whether that error was harmless. Rule 61, N.D.R.Civ.P., states our harmless-error standard in civil cases:
 

 No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
 

 Rittenour v. Gibson
 
 ,
 
 2003 ND 14
 
 , ¶ 15,
 
 656 N.W.2d 691
 
 (citations and quotation marks omitted).
 

 A
 

 [¶ 7] North Dakota's wrongful injury to timber statute provides:
 

 For wrongful injuries to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damages is three times such a sum as would compensate for the actual detriment, except when the trespass was casual and involuntary or committed under the belief that the land belonged to the trespasser, or when the wood was taken by the authority of highway officers for the purposes of a highway. In such a case the damages are a sum equal to the actual detriment.
 

 N.D.C.C. § 32-03-30. Moen argues the jury instructions should have informed the jury of the ultimate outcome of the verdict, including treble damages.
 

 [¶ 8] The district court excluded from the jury instructions that portion of N.D.C.C. § 32-03-30 which would have informed the jury that treble damages would be awarded except if Moen's trespass was committed under the belief the land belonged to him. That portion of the law was excluded under the rationale that the jury, had it known treble damages would be awarded, may have reduced its determination of actual damages to prevent Haider from obtaining a windfall. The district court summarized the perceived danger as follows: "Because it will cloud the jury's verdict or jury's judgment on what's adequate compensation." The district court placed a further limitation on Moen by preventing him from explaining to the jury why they were being requested to make a factual finding about whether or not Moen's trespass was committed under the belief the land belonged to him.
 

 [¶ 9] Both parties cite to this Court's decision in
 
 Sollin v. Wangler
 
 ,
 
 2001 ND 96
 
 ,
 
 627 N.W.2d 159
 
 . In
 
 Sollin
 
 , this Court was presented with an analogous question, whether a jury should be provided with an ultimate-outcome instruction in a case involving comparative fault.
 
 Id.
 
 at ¶ 6. The plaintiff argued that the jury should have been informed "how its answers to the comparative fault questions would affect the award of damages."
 
 Id.
 
 This Court concluded that "a trial court should give an ultimate-outcome instruction in a comparative fault case if it is properly requested and the court determines the instruction will not confuse or mislead the jury."
 
 Id.
 
 at ¶ 18. In
 
 Sollin
 
 , this Court acknowledged that "the jury's lack of knowledge does not eliminate sympathy and bias, but merely
 
 *524
 
 insures that the jury makes its decision in greater ignorance."
 
 Id.
 
 at ¶ 13.
 

 [¶ 10] The exclusion of the portion of N.D.C.C. § 32-03-30 explaining why the jury was being requested to determine whether Moen believed the land upon which the trees were growing belonged to him required the jury to speculate why the factual finding was required. The jury's lack of knowledge did not eliminate sympathy or bias, but merely insured it would make its decision in greater ignorance.
 
 Sollin
 
 ,
 
 2001 ND 96
 
 , ¶ 13,
 
 627 N.W.2d 159
 
 . We cannot conclude the district court correctly and adequately informed the jury of the applicable law, and we cannot conclude that insuring the jury's ignorance did not mislead or confuse the jury. The district court abused its discretion by failing to provide jury instructions explaining the purpose of a critical factual finding and prohibiting Moen from providing an explanation in his closing argument.
 

 B
 

 [¶ 11] On remand, the district court will have two options. The first would be to submit to the jury the same special verdict form, but include within the jury instructions an explanation why the question has been presented to the jury. That could be accomplished by including the portions of N.D.C.C. § 32-03-30 relevant to the treble damage award within the jury instructions and allowing both parties to argue the law.
 

 [¶ 12] A second option on remand would be to bifurcate the jury's determination of actual damages from the determination of the facts necessary for treble damages. The jury would first be requested to return a verdict on actual damages. After returning its verdict on actual damages, the jury would be provided with additional instructions and requested to return a second verdict on the factual finding necessary for an award of treble damages. Bifurcation would eliminate the district court's concern that the jury may improperly consider the treble damage award in the initial determination of actual damages while allowing Moen to subsequently inform the jury about the treble damage consequences in the supplemental verdict.
 

 [¶ 13] Courts have previously recognized bifurcation as appropriate in similar circumstances. In
 
 North Dakota Fair Housing Council, Inc. v. Allen
 
 , the court discussed holding two phases of trial to first address liability and compensatory damages and a second phase to address punitive damages.
 
 298 F.Supp.2d 897
 
 , 899 (D. N.D. 2004). The decision to bifurcate a trial is within the sound discretion of the trial court.
 

 Id.
 

 Further, when deciding whether to bifurcate, the court "should consider the interest of judicial economy and of avoiding confusion."
 

 Id.
 

 (citing
 
 Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil
 
 ,
 
 704 F.2d 1038
 
 , 1042 (8th Cir. 1983) ). The court granted the request for bifurcation of the punitive damages claim because evidence of the defendants' financial condition and net worth may have had an adverse effect on the jury when determining liability and compensatory damages.
 

 Id.
 

 The court noted:
 

 Nevertheless, this does not mean that there will be a separate trial with a separate jury to address the punitive damage aspect of the case. Instead, the Court contemplates that in the event the jury finds in favor of the plaintiffs on liability and awards economic or non-economic damages during the first phase of the trial, then the case will move into the second phase of the trial to address the punitive damage claim utilizing the same jury panel.
 

 Id.
 

 III
 

 [¶ 14] Moen argues the district court erred in admitting Beck's expert testimony.
 

 *525
 
 Haider argues Moen failed to preserve the issue by failing to object at trial. Our standard for preserving evidentiary issues on appeal is well established:
 

 We have long held that an effective appeal of any issue must be appropriately raised in the trial court in order for us to intelligently rule on it. In general, a party must object at the time the alleged irregularity occurs; failure to object acts as a waiver of the claim of error. The party must object at the time the error occurs during trial so the trial court may take appropriate action if possible to remedy any prejudice that may have resulted. A motion in limine seeking an evidentiary ruling must be decided without the benefit of evaluating the evidence in the context of trial. A renewed objection at the time the evidence is offered focuses the court on the objection in the trial context at which time both the relevance and the potential for prejudice will be more discernable.
 

 Linstrom v. Normile
 
 ,
 
 2017 ND 194
 
 , ¶ 10,
 
 899 N.W.2d 287
 
 (citations and quotation marks omitted).
 

 [¶ 15] Here, the district court denied Moen's motion in limine during the pretrial conference. Moen did not object to Beck's testimony during trial. The failure to renew objections at trial waives the argument on appeal. We decline to reach the merits of this issue.
 
 See
 

 Linstrom
 
 ,
 
 2017 ND 194
 
 , ¶ 11,
 
 899 N.W.2d 287
 
 .
 

 IV
 

 [¶ 16] The district court abused its discretion in excluding from the jury instructions a correct statement of the law with regard to treble damages. Moen did not preserve the issue of admitting Haider's expert witness testimony on appeal. We affirm the district court's admission of expert testimony, reverse the district court's exclusion of a jury instruction on treble damages, and remand this case for a new trial.
 

 [¶ 17] Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.
 

 [¶ 18] The Honorable Lisa Fair McEvers disqualified herself subsequent to oral argument and did not participate in this decision.
 

 Crothers, Justice, concurring and dissenting.
 

 [¶ 19] I concur with Part III of the majority opinion concluding the district court did not abuse its discretion by admitting expert opinion testimony. I also agree that on remand under the majority's result the district court has a choice whether to initially instruct on treble damages law or bifurcate the treble damages issue. I respectfully dissent from the remainder of the majority opinion holding the district court abused its discretion by denying Moen's proffered jury instruction and denying Moen's request to explain the topic in closing arguments.
 

 [¶ 20] Although this Court has not ruled on treble damages in jury instructions under N.D.C.C. § 32-03-30, in
 
 Wacker v. Mertz
 
 ,
 
 41 N.D. 620
 
 ,
 
 171 N.W. 830
 
 (1919), we addressed a similar statute providing for treble damages:
 

 "Every person who maliciously injures, defaces or destroys any real or personal property not his own ... is guilty of a misdemeanor, and in addition to the punishment prescribed therefor, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property or public officer having charge thereof."
 

 N.D.C.L. § 10050 (1913). In
 
 Wacker
 
 , the plaintiff sued to recover damages after the defendant set a fire that destroyed farm
 
 *526
 
 machinery. The defendant argued the jury should receive instructions about the impact of treble damages available under the statute.
 
 Wacker
 
 ,
 
 41 N.D. at 623
 
 ,
 
 171 N.W. at 831
 
 . We held:
 

 "[T]he trial court may, under proper instructions, submit to the jury the question of the actual damages sustained, and, if found, the question of malice, and upon determination award in a general verdict rendered treble damages, or it may require the jury return a verdict upon the actual damages and a special finding upon the question of malice, and thereupon award the treble damages under the statute."
 

 Id.
 

 Under
 
 Wacker
 
 , where a statute provides for treble damages a district court has discretion either to instruct a jury to triple actual damages in a verdict or to triple actual damages in the judgment.
 

 [¶ 21] Here, the district court did not accept Moen's requested instructions on treble damages. The majority concludes this was an abuse of discretion under
 
 Sollin v. Wangler
 
 ,
 
 2001 ND 96
 
 ,
 
 627 N.W.2d 159
 
 (holding a jury should be provided with an ultimate outcome instruction on comparative fault). In
 
 Sollin
 
 the Court wrote, "[T]he jury's lack of knowledge does not eliminate sympathy and bias, but merely insures that the jury makes its decision in greater ignorance." Majority at ¶¶ 9-10;
 
 Sollin
 
 , at ¶ 13.
 
 Sollin
 
 specifically addressed the trend by which courts moved away from the "blindfold rule" in comparative negligence cases to the "ultimate outcome" rule exemplified by
 
 Seppi v. Betty
 
 ,
 
 99 Idaho 186
 
 ,
 
 579 P.2d 683
 
 (1978).
 
 Sollin
 
 , at ¶ 13.
 
 Seppi
 
 explained its rationale for the ultimate outcome instruction:
 

 "[I]t is not unlikely that in a number of cases whether the plaintiff recovers may depend as much upon how 'courtwise' the members of the jury are as upon how the jurors view the facts. In short, not informing the jury of the effect of a 50% negligence finding in many cases is likely to cause an unjust result and produce a judgment which does not reflect the wisdom of the jury or their view of the facts, but only their ignorance of Idaho law."
 

 579 P.2d at 691
 
 .
 
 Sollin
 
 cited a string of statutes, rules of court, and judicial decisions in other states shifting to ultimate outcome theory.
 
 Sollin
 
 , at ¶ 14.
 

 [¶ 22] While persuasive in its particular context, the ultimate outcome rule we adopted in
 
 Sollin
 
 deals with a fundamentally different issue than treble damages for wrongful injury to timber.
 
 Sollin
 
 dealt with whether the injured party recovered some compensation or nothing at all, while the issue for Haider is whether he recovers full compensation or three times that compensation.
 

 [¶ 23] Statutory damage multipliers exist to deter certain behaviors determined by the legislature to be particularly offensive.
 
 See, e.g.
 
 , N.D.C.C. § 32-03-29 (treble damages for forcible exclusion from property), 32-03-27 (double rent for failure to surrender premises), 32-03-28 (double rent for tenant willfully holding over). The deterrence rationale for treble damages to timber is one such statute, but that statute is qualitatively different from the comparative fault law in
 
 Sollin
 
 ( N.D.C.C. § 32-03.2-02 ). The difference is significant, and we ought to distinguish the two.
 

 [¶ 24] This Court's decision in
 
 Sollin
 
 was motivated by alignment with a national trend. But for jury instructions on treble damages, no consistency exists.
 
 Compare
 

 Wanetick v. OCT P'ship
 
 ,
 
 318 N.J.Super. 156
 
 ,
 
 723 A.2d 100
 
 , 106 (N.J. Super. Ct. App. Div. 1999),
 
 aff'd in part, rev'd in part sub nom.
 

 Wanetick v. Gateway Mitsubishi
 
 ,
 
 163 N.J. 484
 
 ,
 
 750 A.2d 79
 
 (2000) (requiring instructions on treble damages to jury to avoid award inflation)
 
 with
 

 HBE Leasing Corp. v. Frank
 
 ,
 
 22 F.3d 41
 
 , 45 (2d Cir. 1994) ("Reference to treble damages
 
 *527
 
 and attorneys fees is irrelevant to the jury questions of liability and damages and may tend to confuse or prejudice a jury into reducing its eventual award ..."). On the specific subject of wrongful injury to timber, other jurisdictions differ wildly in their approaches, from trebling damages in the judgment rather than the verdict,
 
 Johnson v. Tyler
 
 ,
 
 277 N.W.2d 617
 
 , 619 (Iowa 1979), to requiring jury instructions,
 
 Marsella v. Shaffer
 
 ,
 
 324 Ill.App.3d 134
 
 ,
 
 257 Ill.Dec. 753
 
 ,
 
 754 N.E.2d 411
 
 , 416 (2001).
 

 [¶ 25] The impetus behind our decision in
 
 Sollin
 
 does not apply here. In a treble damages case, a jury informed of the law is just as likely to
 
 deflate
 
 actual damages as it is to act without the information to
 
 inflate
 
 damages. Here, the district court judge conducted the trial and had the exclusive ability to observe the jurors' reactions to the evidence, the parties and counsel. From those observations the district court made a reasoned finding that the requested jury instruction "will cloud the jury's verdict or the jury's judgment on what's adequate compensation." Majority at ¶ 8. Instead of making a "one size fits all" ruling about what the district court must do in all circumstances, we should leave that decision to the judge closest to the question. I would defer to the trial judge's discretion as to whether the jury's capacity for full information on the statute outweighs the potential for "sympathy and bias." I would hold, as we did a century ago in
 
 Wacker
 
 , that the decision whether to inform the jury about treble damages is best left to the discretion of the judge in the courtroom. I would ultimately hold here that the district court did not abuse its discretion by rejecting the jury instruction and by limiting argument.
 

 [¶ 26] Daniel J. Crothers